1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   NORCAL OUTDOOR MEDIA, LLC,          No.  2:19-cv-02338-JAM-DB

12              Plaintiff,

13        v.                             **ORDER GRANTING DEFENDANT'S**
                                         **MOTION FOR JUDGMENT ON THE**
14   XAVIER BECERRA, in his              **PLEADINGS**
     official capacity as the
15   Attorney General of
     California, ADETOKUNBO
16   OMISHAKIN, in his official
     capacity as Director of the
17   California Department of
     Transportation,
18
                Defendants.
19

20

21        This case centers on the California Outdoor Advertising Act

     ("OAA"), Cal. Bus. & Prof. Code § 5200 et seq.  NorCal Outdoor
22
     Media, LLC ("Plaintiff") originally brought this suit against
23
     Xavier Becerra, California's Attorney General,[1] and Adetokunbo
24
     Omishakin, Director of the California Department of
25
     Transportation ("Defendant").  See Compl., ECF No. 1.  Plaintiff
26
     _____

27   [1] Xavier Becerra was voluntarily dismissed by Plaintiff as a
     defendant on January 30, 2020.  See Notice of Voluntary
28   Dismissal, ECF No. 6.

1  alleges the OAA unconstitutionally infringes on its freedom of
2  speech by regulating the display of signs within 660 feet of the
3  right-of-way of any interstate or primary highway in California.
4  Id.  Plaintiff seeks declaratory and injunctive relief.  Id.
5  Defendant moves for judgment on the pleadings.  Mot. for J. on
6  Plead. ("Mot."), ECF No. 21-2.

7      For the reasons set forth below, the Court GRANTS
8  Defendant's motion.[2]

9

10          I.  FACTUAL AND PROCEDURAL BACKGROUND
11      The OAA regulates the placement of certain billboards and
12  highways within the state.  See Cal. Bus. & Prof. Code § 5200 et
13  seq.  Among other things, the OAA regulates the display of signs
14  within 660 feet, and visible from, the right-of-way of any
15  interstate or primary highway in California.  Compl. ¶ 14.  Some
16  of its provisions restrict the content of displays.  See Compl.
17  ¶ 17(a)-(d).  The California Department of Transportation
18  ("CalTrans") is the OAA's permitting and regulatory authority.
19  Id.  Defendant, as director of CalTrans, has the authority to
20  enforce the OAA and its associated regulations.  See Cal. Bus. &
21  Prof. Code § 5250.

22      The OAA requires individuals to receive a permit from
23  CalTrans before displaying a billboard along an interstate
24  highway.  See id. § 5350; see also Cal. Code Regs. tit. 4, § 2422
25  (setting forth the permit application process).  An applicant
26

27  [2] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for October 13, 2020.

                                2

1  seeking a permit from CalTrans must "offer written evidence" that

2  "the city or county with land use jurisdiction over the property

3  upon which the location is situated have consented to the placing

4  of the advertising display."  Cal. Bus. & Prof. Code § 5354(a).

5  Applicants who are denied a permit have the right to appeal.  See

6  Cal. Code Regs. tit. 4, § 2422(c).  The OAA contains several

7  exemptions to the permitting requirement.  See Compl. ¶ 16.

8       When CalTrans determines that a permanently placed billboard

9  violates the statute—including if a billboard is being displayed

10  without the necessary permit—it can issue a violation notice,

11  which triggers an administrative process through which the

12  alleged violator can contest the alleged violation.  See Cal.

13  Code Regs. tit. 4, §§ 2241-42.  At the conclusion of this

14  process, an individual who is found to have displayed an

15  advertising billboard without a permit is subject to civil

16  penalties.  See Cal. Bus. & Prof. Code § 5485(b).

17       Plaintiff was hired to construct a large billboard in Tracy,

18  California on a parcel of land located at 10837 West Clover Road.

19  Compl. ¶ 6.  Sometime in 2019, it constructed the double-sided,

20  thirty-two-square foot billboard within 660 feet of a right-of-

21  way leading onto Interstate 205 ("I-205").  Compl. ¶¶ 7-9.  The

22  billboard is visible from I-205 and reads "Trump 2020" on each

23  side.  Compl. ¶¶ 8-9.  The billboard allegedly conforms with all

24  applicable building standards and engineering requirements.

25  Compl. ¶ 10.  However, Plaintiff did not apply for the outdoor

26  advertising permits required by the OAA prior to constructing the

27  billboard.  Compl. ¶¶ 28-29.

28       On November 11, 2019, Plaintiff filed its complaint against

3

1    Defendant alleging the OAA's exemptions and restrictions violate

2    its free speech and equal protection rights under the United

3    States and California Constitutions.  See Compl. ¶¶ 33-38, 43-48.

4    Defendant now moves for judgment on the pleadings, arguing

5    Plaintiff lacks standing and failed to state cognizable claims

6    under either the First and Fourteenth Amendments to the United

7    States Constitution or the California Constitution's equivalent

8    provisions.  See generally Mot.  Defendant further argues the

9    Court should decline to exercise supplemental jurisdiction over

10   the state law claims and the prayer for monetary damages violates

11   the Eleventh Amendment to the United States Constitution and

12   California's Government Claims Act.  Id.  Plaintiff opposes the

13   motion.  Opp'n, ECF No. 22.

14

15                            II.   OPINION

16        A.   Judicial Notice

17        Defendant requests that the Court take judicial notice

18   of eight matters.  See Req. for Jud. Notice ("RJN"), ECF

19   Nos. 21, 23-1.  Plaintiff does not oppose this request.

20        Rule 201 of the Federal Rules of Evidence allows a

21   court to take judicial notice of an adjudicative fact that

22   is "not subject to reasonable dispute," because it (1) "is

23   generally known within the trial court's territorial

24   jurisdiction"; or (2) "can be accurately and readily

25   determined from sources whose accuracy cannot reasonably be

26   questioned."  Fed. R. Evid. 201(a)-(b).  This includes

27   "undisputed matters of public record . . . ."  Harris v.

28   Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).  All

                                   4

1    the matters identified in Defendant's judicial notice

2    request are matters of public record.  Accordingly,

3    Defendant's request for judicial notice is GRANTED.

4         B.   Standing

5         Standing consists "of two related components: the

6    constitutional requirements of Article III and nonconstitutional

7    prudential considerations."  Franchise Tax Bd. of Calif. v. Alcan

8    Aluminum LTD., 493 U.S. 331, 335 (1990).  With regard to Article

9    III, "standing is an essential and unchanging part of the case-

10   or-controversy requirement . . . ."  Lujan v. Defs. of Wildlife,

11   504 U.S. 555, 560 (1992).  Standing is therefore a "threshold

12   question" in "determining the power of the court to entertain the

13   suit."  Warth, 422 U.S. at 498.  To establish standing, a

14   "plaintiff must have (1) suffered an injury in fact, (2) that is

15   fairly traceable to the challenged conduct of the defendant, and

16   (3) that is likely to be redressed by a favorable judicial

17   decision."  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016),

18   as revised (May 24, 2016).  At the pleading stage "[i]t is the

19   responsibility of the complainant clearly to allege facts

20   demonstrating that he is a proper party to invoke judicial

21   resolution of the dispute and the exercise of the court's

22   remedial powers."  Warth, 422 U.S. at 518.

23        For Plaintiff to have standing, it must first establish an

24   injury in fact.  To do so, Plaintiff must show it suffered "an

25   invasion of a legally protected interest" that is "concrete and

26   particularized" and "actual or imminent, not conjectural or

27   hypothetical."  Lujan, 504 U.S., at 560-61.  A concrete injury

28   to the plaintiff must actually exist.  Spokeo, 136 S. Ct., at

5

1548 (citations omitted).  An "[a]bstract injury is not enough."
City of L.A. v. Lyons, 461 U.S. 95, 101 (1983).  "The plaintiff
must show that he has sustained or is immediately in danger of
sustaining some direct injury as the result of the challenged
official conduct . . . ."  Id. at 101-02 (internal quotation
marks and citations omitted).  Moreover, to be particularized,
the injury "must affect the plaintiff in a personal and
individual way."  Id. (internal quotation marks and citations
omitted).  The injury-in-fact test "requires that the party
seeking review be himself among the injured."  Sierra Club v.
Morton, 405 U.S. 727, 734-35 (1972).

    The prudential requirements of the standing doctrine
require that "the plaintiff generally must assert his own legal
rights and interests, and cannot rest his claim to relief on the
legal rights or interests of third parties." (internal
quotation marks and citation omitted).  Alcan Aluminum, 493 U.S.
at 336.  However, "when a plaintiff states an overbreadth claim
under the First Amendment," the prudential standing doctrine is
suspended "because of the special nature of the risk to
expressive rights."  Get Outdoors II, LLC v. City of San Diego,
Cal., 506 F.3d 886 (9th Cir. 2007).  The lawsuit is allowed "to
proceed on the basis of a judicial prediction or assumption that
the statute's very existence may cause others not before the
court to refrain from constitutionally protected speech or
expression."  Id. (internal quotation marks and citation
omitted).  Nonetheless, even when an overbreadth claim is
raised, courts ask "whether the plaintiff has suffered an injury
in fact and can satisfactorily frame the issues on behalf of

1  these non-parties." Id.

2      C.   Analysis

3      Allegations as to the OAA's unconstitutionality are found
4  throughout Plaintiff's complaint.  Plaintiff alleges the OAA is
5  unconstitutional both facially and as applied to it because the
6  act: (1) includes "underinclusive" content- and speaker-based
7  exemptions (in other words, its restrictions are overbroad);
8  (2) compels speech; (3) provides the State with unfettered
9  discretion to deny speech; (4) lacks a cognizable statement and
10  purpose; and (5) contains a substitution clause that
11  inadequately protects First Amendment rights.  Compl. ¶ 15.
12  Because of these purportedly unconstitutional defects, Plaintiff
13  believes it was "not required to apply for a permit prior to
14  constructing the [billboard]" and that "it would have been
15  futile [] to apply for [one], as the application would have been
16  rejected based on the content of the [billboard's speech]."
17  Compl. ¶¶ 28-29. The Court disagrees.

18      Evidence of an injury, is nowhere to be found in
19  Plaintiff's complaint.  Plaintiff does not allege to have sought
20  the consent of the City of Tracy or San Joaquin County to
21  construct the billboard.  And Plaintiff did not apply for an
22  outdoor advertising permit from CalTrans before going ahead with
23  the construction.  Compl. ¶¶ 28-29.  Thus, Plaintiff was never
24  denied a permit.  Which means that Plaintiff was never told the
25  reason for the denial, nor given the opportunity to appeal it.
26  This also means that Plaintiff does not know whether the appeal
27  would have been successful or whether it would have resulted in
28  civil penalties.

1    Get Outdoors II is instructive here.  There, an advertising
2    company filed several applications for billboard permits with
3    the City of San Diego.  Get Outdoors II, 506 F.3d at 889.  The
4    city denied all the permit applications pursuant to a provision
5    of its municipal code which prohibits new signs bearing off-site
6    messages.  Id.  In addition, the city explained that each permit
7    application was missing key documents and that the proposed
8    billboards violated size and height restrictions.  Id. at 890.
9    In response, the advertising company filed suit, arguing that
10   the city's billboard regulations were unconstitutional under the
11   First and Fourteenth Amendments because they favor commercial
12   over noncommercial speech and some types of noncommercial speech
13   over others; that its own rights were violated by the ban on
14   off-site messages and the size and height restrictions; and that
15   the permitting process was an invalid prior restraint.  Id.

16       The Ninth Circuit found that the advertising company only
17   had standing to challenge the provisions that were applied to
18   it.  Get Outdoors II, 506 F.3d at 892.  It lacked standing to
19   challenge the entire sign ordinance.  Id.  It could not
20   "leverage its injuries under certain, specific provisions to
21   state an injury under the sign ordinance generally."  Id.; see
22   also Covenant Media of South Carolina, LLC v. City of North
23   Charleston, 493 F.3d 421, 429 (4th Cir. 2007) (holding a
24   billboard company's standing to challenge the permit procedure
25   "does not provide it with a passport to explore the
26   constitutionality of every provision of the Sign Regulation").
27   Thus, the advertising company had standing to challenge the
28   provisions that were invoked against it but could not challenge

1    the provisions that were not.

2         The key difference between Get Outdoors II and the case at

3    hand is that, here, Plaintiff never sought a permit.  Thus, no

4    provision of the OAA was invoked or applied against it.

5    CalTrans did not deny Plaintiff's permit application because it

6    ran afoul of the OAA by not obtaining county approval or because

7    it did not abide by any of the OAA's content, size, or location

8    requirements.  Thus, Plaintiff has not alleged it suffered an

9    invasion of a legally protected interest that is either concrete

10   and particularized or actual and imminent.  See Lujan, 504 U.S.,

11   at 560–61.  Instead, Plaintiff's injury is a purely hypothetical

12   one.  Id.  Federal courts cannot issue advisory opinions in

13   hypothetical cases.  Thomas v. Anchorage Equal Rights Comm'n,

14   220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (The court's "role

15   is neither to issue advisory opinions nor to declare rights in

16   hypothetical cases, but to adjudicate live cases or

17   controversies consistent with the powers granted the judiciary

18   in Article III of the Constitution.").

19        Over a month after Plaintiff filed its complaint, San

20   Joaquin County recorded a Notice of Code Violation against the

21   parcel located at 10837 West Clover Road.  See Notice of Code

22   Violation, Ex. 3 to RJN.  The notice states that the property

23   owner is in violation of California Building Code § 105.1 for

24   constructing a billboard without a permit.  Id.  The owner of

25   the parcel was notified of the violation on September 10, 2019,

26   about a month before Plaintiff filed its complaint.  Id.  These

27   facts are irrelevant.  Plaintiff did not include this violation

28   in the complaint, nor did it attempt to amend the complaint once

9

1   the violation was recorded.  Moreover, the citation was not

2   issued or recorded by CalTrans pursuant to the OAA.  Plaintiff

3   was instead cited by San Joaquin County, pursuant to a section

4   of the California Building Code.  This citation, and any

5   enforcement action that results from it, are separate and apart

6   from Defendant and his ability to enforce the OAA and its

7   associated regulations.

8

9                           III.   ORDER

10          For the reasons set forth above, Defendant's motion for

11   judgment on the pleadings is granted. Plaintiff lacks standing to

12   pursue its claims and the suit is dismissed without prejudice.

13   See Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100,

14   1106-07 (9th Cir. 2006) (holding that dismissal for lack of

15   standing should be without prejudice).

16          Because Plaintiff lacks standing, this Court need not

17   address whether Plaintiff's claims are ripe or whether Plaintiff

18   adequately stated a claim under Rule 12(b).  Id. at 1102

19   ("Because [the plaintiff] lacked standing . . . the district

20   court lacked subject matter jurisdiction and should have

21   dismissed the complaint on that ground alone.").

22          Plaintiff shall file its amended complaint within twenty

23   days of the date of this Order. Defendant's responsive pleading

24   will be due within twenty days thereafter.

25          IT IS SO ORDERED.

26   Dated: December 21, 2020

27

28                                        _____
                                          JOHN A. MENDEZ,
                                          UNITED STATES DISTRICT JUDGE