UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORCAL OUTDOOR MEDIA, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>XAVIER BECERRA, in his official capacity as the Attorney General of California, ADETOKUNBO OMISHAKIN, in his official capacity as Director of the California Department of Transportation,<br><br>        Defendants. | No.  2:19-cv-02338-JAM-DB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

   NorCal Outdoor Media, LLC ("Plaintiff") continues to pursue its challenge to the California Outdoor Advertising Act ("OAA"), Cal. Bus. & Prof. Code § 5200 et seq., see First Am. Compl. ("FAC"), ECF No. 32, after the Court granted Adetokunbo Omishakin's ("Defendant") motion for judgment on the pleadings, see Order Granting Mot. for J. on Plead. ("Order JOP"), ECF No. 28.  The Court granted Defendant's previous motion because Plaintiff lacked standing to pursue its claims.  Id.  Never having sought a permit from the California Department of

1

Transportation ("CalTrans") to erect its billboards, Plaintiff's injury proved to be purely hypothetical. Id. at 9.

Here, too, Plaintiff fails to state a concrete injury under the sign ordinance. As a result, the Court GRANTS Defendant's Motion to Dismiss ("Mot."), ECF No. 34.[1]

## I. OPINION

Plaintiff's FAC alleges the OAA violates its free speech, equal protection, and due process rights under the United States and California Constitutions. See FAC ¶¶ 87-95, 96-102, 107-111. Defendant argues Plaintiff lacks standing, the claims are unripe, and Plaintiff failed to state cognizable claims under either the First and Fourteenth Amendments to the United States Constitution or the California Constitution's equivalent provisions. See generally Mot. Defendant further argues the Court should decline to exercise supplemental jurisdiction over the state law claims and the prayer for monetary damages violates the Eleventh Amendment to the United States Constitution and California's Government Claims Act. Id. Plaintiff opposes the motion. Opp'n, ECF No. 35.

### A. Standing

Standing is a "threshold question" in "determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 23, 2021.

2

the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). Insofar as the injury in fact is concerned, Plaintiff must show it suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). The injury-in-fact test "requires that the party seeking review be himself among the injured." Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972).

This time around, Plaintiff focuses on the fact that non-party San Joaquin County has not issued Plaintiff a sign permit. FAC ¶¶ 51-53. Plaintiff alleges the County has not issued it a sign permit because CalTrans has not issued it an outdoor advertising permit. FAC ¶ 54. However, as before, Plaintiff never applied for a permit with CalTrans. Thus: "Plaintiff was never denied a permit. Which means Plaintiff was never told the reason for the denial, nor given the opportunity to appeal it. This also means that Plaintiff does not know whether the appeal would have been successful or whether it would have resulted in civil penalties." Order JOP at 7. Plaintiff's inability to obtain a permit from San Joaquin County is not connected to any action taken by CalTrans. It is only traceable to Plaintiff's inaction.

That CalTrans requires written evidence from Plaintiff that San Joaquin County consents to the billboard as part of its permit application does not prevent Plaintiff from applying for an outdoor advertising permit from CalTrans. See Opp'n at 13;

3

1  FAC ¶¶ 56, 59.  That San Joaquin County will not provide written
2  evidence unless Plaintiff first obtains approval for the
3  billboard from CalTrans raises a potential issue with San Joaquin
4  County's permitting process, not CalTran's.  As Defendant notes,
5  Plaintiff does not cite any authority that stands for the
6  proposition that San Joaquin County's failure to issue a permit
7  under its own sign ordinance gives Plaintiff standing to
8  challenge the OAA—an entirely different set of regulations.
9  Reply at 2, ECF No. 38.  As a result, the factual allegations in
10 the FAC are not fairly traceable to Defendant.  See Spokeo, 136
11 S. Ct. at 1547 (the injury must be fairly traceable to the
12 challenged conduct of the defendant).
13     Plaintiff's argument that its speech is chilled "because
14 there is no time period by which [CalTrans] must grant or deny a
15 permit application" has no teeth.  Opp'n at 13.  Pursuant to the
16 OAA, CalTrans "shall, within 10 days after compliance and upon
17 payment by the applicant of the fee provided by this chapter,
18 issue a permit . . . ." Cal. Bus. & Prof. C. § 5358.  And
19 Plaintiff's reliance on Desert Outdoor Advertising Inc. v. City
20 of Moreno Valley, 103 F.3d 814 (9th Cir. 1996) is misplaced.
21 There, the city brought an enforcement action against the
22 plaintiff and compelled the plaintiff to remove its signs.  Id.
23 at 818.  As a result, the plaintiff had standing to challenge the
24 city's sign ordinance.  Id.  Here, CalTrans has not initiated any
25 sort of enforcement action against Plaintiff.
26     Advertising companies like Plaintiff's do not have standing
27 to challenge the provisions of a sign ordinance that have not
28 been invoked against it.  Get Outdoors II, LLC. v. City of San

Diego, 506 F. 3d 886, 892 (9th Cir. 2007). No provision of the OAA has been invoked against Plaintiff because Plaintiff has not sought a permit with CalTrans. Plaintiff has not alleged an invasion of a legally protected interest that is either concrete and particularized or actual and imminent. See Lujan, 504 U.S., at 560-61. Considering Plaintiff's FAC suffers from the same defects as Plaintiff's original complaint, the Court dismisses Plaintiff's FAC with prejudice. See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006) (courts need not grant leave to amend where amendment would be futile).

B.  Sanctions

Plaintiff exceeded the Court's 15-page limit on opposition memoranda. See Opp'n; see also Order re Filing Requirements (Order), ECF No. 3-2. Violations of the Court's standing order require the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of the Court. Order at 1. Moreover, the Court will not consider arguments made past the page limit. Id. In total, Plaintiff's opposition memorandum exceeded the Court's page limit by 8.5 pages. Plaintiff's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $425.00 no later than seven days from the date of this order.

II.  ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED WITHOUT LEAVE TO AMEND. Plaintiff lacks standing to pursue its claims. Because Plaintiff lacks standing, this Court need not address whether Plaintiff's claims are ripe

or whether Plaintiff adequately stated a claim under Rule 12(b)(6). Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1102 (9th Cir. 2006) ("Because [the plaintiff] lacked standing . . . the district court lacked subject matter jurisdiction and should have dismissed the complaint on that ground alone.").

IT IS SO ORDERED.

Dated: April 26, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE